**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2005
THOMAS K. KAHN
CLERK

No. 04-11670
Non-Argument Calendar

_____

D.C. Docket No. 03-00523-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL RETA-MENDOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 25, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

We withdraw our previous opinion in this case and substitute the following

opinion in lieu thereof. Appellant Rafael Reta-Mendoza appeals his 41-month

sentence for illegal re-entry in the United States after deportation, 8 U.S.C. § 1326, arguing that, in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531(2004), his sentence was illegal because the district court enhanced his sentence beyond the constitutional maximum. Specifically, Appellant contends that the district court erred in basing its enhancement on a prior conviction that was not charged in the indictment and found by a jury beyond a reasonable doubt.

A *Booker* constitutional error occurs when a judge enhances an individual's sentence based solely upon judicially found facts pursuant to a mandatory guidelines scheme. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). However, we find no *Booker* constitutional error in this case. In the Supreme Court's most recent pronouncement in this area, *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621, 650 (2005), the Court stated that prior convictions may support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, even though they were not included in the indictment and found by a jury beyond a reasonable doubt. ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *see also*

2

*United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005) ("The Supreme Court consistently has rejected [the] argument that a district court errs when it considers prior convictions in sentencing a defendant under the Guidelines."). In this case, the district court enhanced Appellant's sentence based on his prior convictions, and thus, did not err.

We now turn to whether a statutory *Booker* error exists because Reta-Mendoza was sentenced pre-*Booker* under a mandatory Guidelines scheme. *See Shelton*, 400 F.3d at 1330. Because Appellant first challenged his sentence under *Blakely* on appeal, we review only for plain error. *See id* at 1330-34 (applying plain error test to issue of *Booker* statutory error raised on appeal). We must determine whether there was "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Fields*, 408 F.3d 1356, 1360 (11th Cir. 2005) (quotation omitted). The first and second prongs of the plain error test are easily satisfied. *See id.* Moving to the third prong, we must determine "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Id*. (quotation omitted).

> [I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden

3

> is on the defendant. Where [w]e just don't know whether the defendant would have received a lesser sentence if the guidelines had been advisory, the defendant has not met his burden of showing prejudice.

*Id.* (quotation omitted).

The district court treated the Sentencing Guidelines as mandatory and it is impossible to determine what sentence it would have imposed under an advisory reading of the Guidelines. For example, in determining whether to treat Appellant's prior conviction as a violent crime or take into consideration the facts surrounding that offense and grant a downward departure the district court stated that, "the law [(the relevant Guideline)] is the law and I accept the law as it is and to me this does not fall outside the heartland and I will deny the motion for a downward departure." The district court did, however, give Appellant a sentence in the bottom of the Guideline range. While the district court sentenced Appellant at the bottom of the Guideline range, this fact alone is insufficient to satisfy the Appellant's burden to show that the error affected his substantial rights. *See Fields*, 408 F.3d at 1360-61 (holding that appellant's sentence at the bottom of the Guideline range alone was not enough to satisfy the third prong of the plain error test). Instead, "the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that the sentence was appropriate under the mandatory guidelines system[;] [i]t does not establish a reasonable probability that

4

the court would have imposed a lesser sentence under an advisory regime." *Id.* at 1361. Thus, Appellant cannot satisfy the third prong of the plain error test.

For the foregoing reasons, we affirm Appellant's sentence.

**AFFIRMED**.